Jeffrey S. Kenny, Esq. (SBN: 326900)
(jkenny@kennylawgroup.com)
KENNY LAW GROUP P.C.
2400 Barranca Pkwy., Suite 401
Irvine, CA 92606
Phone No.: (949) 308-1170
Fax No.: (949) 271-4561
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| KYLE CROLL,<br><br>         Plaintiff,<br><br>   v.<br><br>EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and NISSAN MOTOR ACCEPTANCE COMPANY LLC,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR CIVIL PENALTIES, INJUNCTION, AND OTHER RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kyle Croll ("Plaintiff") alleges against Defendants EQUIFAX INFORMATION SERVICES LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION LLC, ("TU"), and NISSAN MOTOR ACCEPTANCE COMPANY LLC ("NMAC") (herein after sometimes collectively referred to as "Defendants"), as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action under section 621(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., to obtain monetary civil penalties, and injunctive or other relief arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; false reporting and furnishing information to Equifax, Experian, and TU regarding the default history and past due balances on Plaintiff's accounts; and Defendants' failure to correct disputed false reporting on Plaintiff's credit reports, all in violation of the FCRA, 15 U.S.C. §§ 1681 - 1681x.

**PARTIES**

2.      Plaintiff Kyle Croll is, and at all times mentioned in this complaint, was an individual residing in San Diego County, California.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the State of California with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

5.      Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(p).

6.    Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7.    Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the State of California with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

8.    Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(p).

9.    Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

10.    Defendant, TU, is a corporation organized under the laws of the State of Illinois and doing business in the State of California with its principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

11.    TU is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(p).

12.     TU is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

13.     Defendant, NMAC, is a limited liability company organized under the laws of the State of Delaware and is a captive finance company to support vehicle sales doing business in the State of California with its principal place of business located at One Nissan Way, Franklin, Tennessee, 37067.

14.     NMAC is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § §1681s-2(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. § 1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in California as a result of the Defendants' doing business in California.

16.     On information and belief, this Court also has personal jurisdiction over Defendants for the reasons, among others, that (i) Defendants conduct business in and throughout California and in this judicial district or otherwise avail themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process; (ii) Defendants transact business in California by conversing,

marketing, reporting, disseminating, and providing information and consumer reports to businesses, consumer reporting agencies, and residents in California; and (ii) each of the Defendants engaged in communications with and/or otherwise interacted with Plaintiff while present in California.  As such, Defendants' contacts with this state have been systematic and continuous in the sundry of correspondence, interactions, furnishing, and reporting they have had with California businesses and residents similarly situated with Plaintiff.

17.   Venue in the United States District Court for the Central District of California is proper, inter alia, under 28 U.S.C. §§ 1391(b)-(d) because on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in California and California has more than one judicial district in which Defendants are subject to personal jurisdiction at the time this action was commenced.   Thus, Defendants shall be deemed to reside in any district in the State, here California Central District, within which its contacts are sufficient to subject it to personal jurisdiction.

## FACTUAL ALLEGATIONS

18.   On or about March 2021, Plaintiff, who was attempting to obtain favorable financing terms, made inquiries into and accessed its Equifax, Experian, and TU credit reports from the respective Defendants and discovered that all Defendants were furnishing and or reporting: (1) incorrect information; (2) improper default accounts and past due history; and (3) false data for Plaintiff's accounts present on its credit reports.

19.     Then, in or around March 10, 2021, immediately upon discovering the false and derogatory tradelines which showed various accounts with default histories and incorrectly stated late payments or past due balances, among other errors, Plaintiff mailed written disputes via certified mail, return receipt requested, to Equifax, Experian, and TU regarding the gross inaccuracy of the Defendants' tradelines and reporting thereof given the prohibition of derogatory payment history reporting of transferred or discharged loans and debts as set forth in 20 U.S.C. §1078-6(c) and 34 C.F.R. §682.405(b)(2).

20.     The written dispute letters (with copies of the certified mailing receipts and delivery confirmation included) sent to Equifax, Experian, and TU by Plaintiff are attached hereto as Exhibit "A," Exhibit "B," and Exhibit "C" respectively and are fully incorporated by reference as though fully set forth herein.

21.     Plaintiff is informed, believes and thereon alleges that Equifax, Experian, and TU, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified NMAC of the disputes at or within five (5) days of Equifax, Experian, TU's receiving notice of the disputes from Plaintiff.

22.     Despite Plaintiff's lawful request for removal or amendment of the above disputed items pursuant to the FCRA requirements, Equifax, Experian, and TU failed to timely investigate, respond to Plaintiff, or update the information furnished based on

Plaintiff's NMAC disputes and ultimately failed to correct or remove the disputed items from Plaintiff's credit reports as required by the FCRA.

23.     Plaintiff is informed, believes and thereon alleges that Experian and TU, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified First Electronic Bank of the disputes at or within five (5) days of Experian and TU's receiving notice of the disputes from Plaintiff.

24.     Despite Plaintiff's lawful request for removal or amendment of the above disputed items pursuant to the FCRA requirements, Experian and TU failed to timely investigate, respond to Plaintiff, or update the information furnished based on Plaintiff's First Electronic Bank disputes and ultimately failed to correct or remove the disputed items from Plaintiff's credit reports as required by the FCRA.

25.     Plaintiff is informed, believes and thereon alleges that NMAC, Equifax, Experian, and TU did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following their receipt of Plaintiff's disputes.

26.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a higher rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' furnishing and or reporting of the various accounts default histories.  In addition, Defendants' violations of

the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Against Experian, Equifax, and TU)

27.   Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates and adopts them by reference as though fully set forth herein.

28.   Equifax, Experian, and TU's failure to investigate Plaintiff's disputes and their failure to delete and/or amend their reporting of the subject tradelines despite Equifax, Experian, and TU's knowledge of the falsity of the disputed items are violations of Equifax, Experian, and TU's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax, Experian, and TU's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

29.   Equifax, Experian, and TU's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and their failure to make any and/or sufficient attempts to delete and/or amend their reporting of the disputed items within a reasonable time following Equifax, Experian, and TU's receipt of Plaintiff's disputes are violations of Equifax, Experian, and TU's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

30.     Equifax, Experian, and TU's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681(p), for which Equifax, Experian, and TU are liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

## SECOND CAUSE OF ACTION

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Against NMAC)

31.     Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates and adopts them by reference as though fully set forth herein.

32.     NMAC's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Experian and TU of the false default history of Plaintiff's NMAC accounts are violations of NMAC's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

33.     NMAC's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681(p) for which NMAC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

//

//

//

//

## THIRD CAUSE OF ACTION

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Against Equifax, Experian, and TU)

34.     Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates and adopts them by reference as though fully set forth herein.

35.     Equifax, Experian, and TU's failure to investigate Plaintiff's disputes and their failure to delete and/or amend their reporting of the subject tradelines despite Equifax, Experian, and TU's knowledge of the falsity of the disputed items are willful violations of Equifax, Experian, and TU's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax, Experian, and TU's' duties regarding investigation of disputed items under 15 U.S.C. §1681i.

36.     Equifax, Experian, and TU's' failure to evaluate or consider any of Plaintiff's information, claims or evidence, and their failure to make any and/or sufficient attempts to delete and/or amend their reporting of the disputed items within a reasonable time following Equifax, Experian, and TU's receipt of Plaintiff's disputes are willful violations of Equifax, Experian, and TU's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

37.     Equifax, Experian, and TU's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681(p), for which Equifax,

Experian, and TU are liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

## FOURTH CAUSE OF ACTION

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Against NMAC)

38.    Plaintiff refers to each of the foregoing paragraphs in their entirety, and hereby incorporates and adopts them by reference as though fully set forth herein.

39.    NMAC's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Experian, and TU of the default history of Plaintiff's NMAC accounts, despite NMAC's knowledge of the falsity of its reporting, are willful violations of NMAC's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

40.    Given NMAC's knowledge of the falsity of its reporting, NMAC's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which NMAC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

### ON ALL CAUSES OF ACTION:

1.  For attorneys' fees and costs incurred herein;

2.  For general and special damages according to proof;

3.  For statutory, punitive and consequential damages according to proof;

4.  For recovery of costs and expenses of suit as allowed by law; and

5.  For such other and further relief as the Court deems just and proper.

Dated: November 10, 2021                KENNY LAW GROUP P.C.

                          By:    _____/s/_____
                                 JEFFREY S. KENNY
                                 Attorney for Plaintiff Kyle Croll
                                 jkenny@kennylawgroup.com

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all of the claims herein.

Dated: November 10, 2021                    KENNY LAW GROUP P.C.

By:    _____/s/_____

JEFFREY S. KENNY
Attorney for Plaintiff Kyle Croll
jkenny@kennylawgroup.com